# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LINDA K. GRAY**,

        Plaintiff,

v.                                                   **Case No. 04-C-562**

**BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM
and PATRICK SORELLE,**

        Defendants.

**DECISION AND ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        On June 14, 2004, plaintiff Linda Gray filed this action against the defendants Board of Regents of the University of Wisconsin System and Patrick Sorelle, in his individual capacity. The plaintiff's actions arise during the period of time she was employed at the University of Wisconsin-Green Bay Phoenix Bookstore from August, 1994 to September, 1999. She claims that, as a result of the conduct of Patrick Sorelle, her supervisor, she was subjected to harassment based on her sex, and was subject to retaliation for engaging in protected activities.

        The defendants filed an answer to the plaintiff's complaint on July 21, 2004, and on October 25, 2004, the plaintiff filed an amended complaint. The case was then reassigned to this court upon order of Judge William Griesbach, based on the written consent of the parties to the exercise of full jurisdiction by the magistrate judge. This court entered a scheduling order and, pursuant to that order, the defendants filed their motion for summary judgment on July 29, 2005. After the motion

was fully briefed, the defendants, on September 26, 2005, filed a motion seeking leave to file an amended answer. Both motions have been fully briefed and are ready for resolution.

**Defendants' Motion for Leave to File an Amended Answer**

In their motion for summary judgment, the defendants ask, inter alia, that the court dismiss the plaintiff's Title VII claim of sexual harassment on the basis that the required administrative action was not taken within 300 days of the alleged actionable conduct. The defendants also ask that the court similarly dismiss the plaintiff's Title VII retaliation claim on the ground that the required administrative action was not taken within 180 days of the alleged retaliatory act. In their proposed amended answer, the defendants attempt to set forth their affirmative defenses with more clarity.

The plaintiff opposes the defendants' motion to amend their answer, contending that it is untimely. In addition, the plaintiff submits that the original answer does not sufficiently allege these affirmative defenses, and therefore, they have been waived by the defendants. As such, neither should be considered when the court decides the motion for summary judgment.

In view of the intertwined nature of these two motions, even though the motion to amend the answer was filed subsequently to the motion for summary judgment, the court will deal with it first. In paragraph 701 of her original complaint, the plaintiff alleges that "all conditions precedent to this action within the meaning of Rule 9(c) Fed. R. Civ.Pro. have been performed or have otherwise occurred." The identical language is found in the amended complaint. In their original answer, the defendants raise the following as affirmative defense no. 3,

> "The complaint fails to state a claim for relief because plaintiff fails to plead pursuant to Rule 9(c) of the Federal Rules of Civil Procedure that she has satisfied all the conditions precedent prior to bringing this action in federal court, including, but not limited to, filing a discrimination claim within 300 days of the alleged acts complained of and filing a timely

2

Case 1:04-cv-00562-AEG    Filed 02/09/06    Page 2 of 20    Document 46

action upon receipt of a right to sue letter from the Equal Employment Opportunity Commission."

In their proposed amended answer, affirmative defense no. 3 reads, in applicable part, as follows,

"The complaint fails to state a claim for relief because plaintiff has failed to satisfy all the conditions precedent prior to bringing this action in federal court . . ."

According to the plaintiff, the difference in the two versions of the defendants' affirmative defense is that, in the original, the defendants only contend that the complaint fails to satisfy the pleading requirements of Rule 9(c), but in the amended version, the defendants directly allege that the plaintiff has failed to satisfy all of the conditions precedent.

To this court, and under the attendant circumstances of this case, the plaintiff's opposition to the proposed amended answer is purely semantic, and one that attempts to place form over substance. In her complaint, the plaintiff alleges that she has satisfied all conditions precedent. Therefore, when the defendants raise the affirmative defense that her pleadings fail under Rule 9(c), they are not merely claiming that the plaintiff's complaint is defective (it is not), but that the plaintiff has failed to satisfy the conditions to which Rule 9(c) refers. Had the plaintiff not included paragraph 701 in her complaint, then the defendants' affirmative defense could be viewed solely as a challenge to the form of the pleadings. However, in this case, prior to the commencement of this litigation, the University raised this affirmative defense in their motion to dismiss the plaintiff's complaint at the administrative proceedings before the Wisconsin Personnel Commission. It should have been clear to the plaintiff that the defendants were again raising a substantive affirmative defense and not challenging the form of the pleadings.

The court does not believe that the defendants have waived their affirmative defense based on the plaintiff's failure to satisfy all conditions precedent, at least as to the 300-day requirement.

3

Case 1:04-cv-00562-AEG   Filed 02/09/06   Page 3 of 20   Document 46

The original affirmative defense could not be more specific in its reference to the 300-day requirement for filing an administrative complaint. The plaintiff was given ample notice of the defendants' position in regard to her harassment claim. So whether or not the defendants are permitted to file their amended answer, they have not waived this affirmative defense.

The court is unable to reach a similar conclusion as to the 180-day filing requirement for a retaliation claim. Even if the plaintiff failed to satisfy the 180-day filing requirement for her retaliation claim, this is a defense that can be waived, and it appears that is what the defendants have done. The defendants have not placed the plaintiff on notice of their intention to raise this as an affirmative defense. According to plaintiff's counsel, the timeliness of the retaliation claim was not raised before the Wisconsin Personnel Commission. (See, Olson Decl., Sept. 30, 2005 at ¶ 1.). Since the issue was not previously raised as a defense, there is no way the plaintiff would be placed on notice of this defense by reference to the language contained in either the original or proposed amended answer. Therefore, as regards the 180-day filing requirement for the plaintiff's retaliation claim, the court concludes that the defendants have waived this affirmative defense, whether or not they are permitted to file their amended answer.

Now, a word about prejudice. The plaintiff submits that she will be unduly prejudiced if the defendants are permitted to raise this defense. In his declaration in support of plaintiff's opposition to the motion to amend, plaintiff's counsel states that he knew "there were potential administrative statute of limitations issues in this case because some of them were raised during the administrative proceedings before the Personnel Commission. . ." (Id.). He refers only to the 300-day period, and states that upon seeing the defendants' answer, he thought they were only challenging the pleading regarding satisfaction of the any conditions precedent, but not raising a "potentially dispositive

4

defense" that such conditions had not been met. Counsel states that had he believed that the defendants were actually raising this defense, he would have approached the case differently and possibly just pursued the retaliation claim. (Id. at ¶ 6.).

This court is not persuaded by the plaintiff's position regarding prejudice. First, if the defendants had a viable defense, one which they raised successfully at the administrative level, why would they waive that defense once federal litigation was commenced? If the defendants were willing to forego this affirmative defense, either knowingly or inadvertently, what is accomplished by simply challenging the adequacy of the pleadings, as plaintiff wants this court to construe the answer? No, the defendants fully intended to raise the substance of the affirmative defense, one of which the plaintiff was fully aware. Second, even if the plaintiff had decided to forgo a pursuit of her Title VII sexual harassment claim, the complaint still sets forth alternative grounds of liability for such conduct, i.e. 42 U.S.C. § 1983 and Title IX. Since the exhaustion requirement does not apply to these causes of action, the plaintiff would have still made a similar investment in discovery on the harassment claim. Furthermore, even if the plaintiff had declined to pursue any claim regarding sexual harassment, evidence of such conduct is still necessary to form the foundation for plaintiff's retaliation claim. Therefore, pursuit of such discovery was necessary. The court does not believe that the plaintiff has been unduly prejudiced by the defendants' answer in this case.

In conclusion, even if the court denies the defendants' motion to file an amended answer, the defendants will be permitted to raise the affirmative defense of timeliness in regard to the 300-day period. It is clear to the court that the only reason the defendants filed their motion was in response to the plaintiff's waiver argument raised in opposition to the motion for summary judgment. Even though the defendants have responded to the plaintiff's argument in their reply, at some subsequent

5

point, they obviously felt it was a good idea to support their position with both suspenders and a belt. Such support is not necessary. If the defendants' original answer was in need of modification, such corrective action should have been taken prior to filing their motion for summary judgment. At this point, amending their answer is superfluous. On the other hand, if the court believed that the defendants' answer did constitute a waiver of their affirmative defense, attempting to take corrective action after their motion for summary judgment would be deemed untimely.

For all of the foregoing reasons, the defendants' motion for leave to amend their answer will be denied.

**Defendants' Motion for Summary Judgment**

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgement as a matter of law. FED. R. CIV. P. 56(c). As provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise proper motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Material facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for

trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

**1. Sexual Harassment Claim - Actionable Conduct**

In her First Amended Complaint, plaintiff Gray alleges that she was subjected to sexual harassment while an employee at the UW-Green Bay Phoenix Bookstore. The alleged perpetrator of this conduct was the manager of the bookstore, defendant Patrick Sorelle. Plaintiff alleges that his improper conduct violated both Title VII of the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. In addition, the plaintiff claims that the alleged harassment based on sex violated her right to be free from such discrimination guaranteed under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681-1688.

In their motion for summary judgment, the defendants challenge the plaintiff's sexual harassment claim on three fronts. First, the defendants contend that the claim is barred because the plaintiff failed to file an administrative complaint within 300 days, as required under Title VII. Second, the defendants submit that the conduct of which plaintiff complains does not rise to the level of actionable sexual harassment under Title VII, and third, the defendants state that, in this case, the employer is not vicariously liable for the supervisor's alleged conduct since the University

7

had a sexual harassment policy in place, and the plaintiff failed to avail herself of the corrective policies provided under that policy.

The plaintiff responds to the challenges raised by the defendants and further states that the defendants' motion only addresses her Title VII claim, but not her § 1983 claim. After the motion was fully briefed, counsel for the defendants sent a letter to the court indicating that it was their intent to have all of their arguments addressing the Title VII claim of sexual harassment apply equally to the § 1983 harassment claim. The defendants submit that if there is no factual basis to sustain the Title VII claim, it makes little sense to proceed on the § 1983 claim, which is based upon the same facts. Interestingly, neither party has mentioned the Title IX claim that is also contained in the amended complaint.

The court will first address the issue of whether or not the facts as alleged by the plaintiff constitute actionable sexual harassment by the defendants. In this regard, the basic facts are largely undisputed, except for the respective spin the parties give to these incidents. Therefore, the court will simply discuss the undisputed facts in regard to the standard of conduct found to be actionable in the Seventh Circuit.

The conduct alleged by the plaintiff falls under the category of "hostile environment," as opposed to "quid pro quo" harassment. In other words, for the plaintiff to prevail, she must establish the following elements: (1) that she was subjected to unwelcome sexual harassment; (2) that the harassment was based on sex; (3) that "the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff;" and (4) that there is a basis for employer liability. Robinson v. Sappington, 351 F.3d 317, 328-29 (7th Cir.

2003)(internal citations omitted). Of critical analysis here is whether the conduct complained of was "so severe and pervasive as to create an abusive working environment in violation of Title VII." Hostetler v. Quality Dining, Inc., 218 F.3d 798, 806 (7th Cir. 2000)(internal citations omitted). The plaintiff alleges a combined series of physical and verbal incidents.

Linda Gray worked at the Phoenix Bookstore from 1994 to 1999, while she was a student at UW-Green Bay. She was a student employee under the University's work-study program. The manager of the Bookstore was Patrick Sorelle. Plaintiff contends that Sorelle was her supervisor, but the defendants state that her immediate supervisor was Sherry Lacenski. For purposes of this motion, this fact is not material. According to the parties, Gray was the only student employee who worked at the Bookstore for five years. Gray says that Sorelle's allegedly harassing conduct started during her second year at the Bookstore. The first incident she recalls is that, while she was putting out sweatshirts for display, Sorelle held one up and commented to the effect that "you would look good in this," or "when are you going to wear one of these." Gray says that during that same year, Sorelle began to squeeze her on the shoulder when passing behind her as she was stacking books on the shelves. Gray alleges that there were numerous similar touching incidents; the defendants do not dispute the 1995 touching, but deny that there were multiple incidents. Gray states that after several touchings, she told Sorelle to "keep his hands to himself." The defendants do not dispute her admonitions to Sorelle regarding touching.

Despite her warnings, Gray says that Sorelle resumed the touching in the spring or summer of 1996. The defendants do not dispute that factual allegation, nor do they dispute an incident in 1997 or 1998, when Gray was sitting at her desk in Lacenski's office, and Sorelle approached her from behind and began massaging her neck. During that same period of time, when Gray and

9

another employee were working with books, Sorelle examined a book titled "Forgotten Pollinators," and stated words to the effect that "men are the forgotten pollinators."

In the spring of 1999, Sorelle walked past Gray, looked her up and down and said "you would look nice in jeans." Also in 1999, Sorelle grabbed Gray by the shoulders and shook her hard. The defendants do not dispute either of these incidents. In her proposed findings of fact, Gray alleges that other employees witnessed some of the incidents mentioned, but the defendants object to these allegations.

The plaintiff states that all of these incidents occurred in the close working environment of the Phoenix Bookstore, which employed a limited staff. She says that, despite the fact that she told Sorelle to cease physical contact, he did not stop his actions. She says that since she could not avoid Sorelle, his harassing conduct reached an actionable level of severity and pervasiveness.

As stated above, the defendants do not dispute most of the incidents, but argue that no reasonable woman would find them to be hostile or objectionable. The defendants argue that the plaintiff's complaints fall far short of even the conduct described in a number of Seventh Circuit cases found to be insufficient to constitute actionable sexual harassment. For example, in Baskerville v. Culligan Int'l Co., the supervisor made grunting sounds when the employee was wearing a leather skirt, announced over the public address system that "all pretty girls run around naked," and made a gesture intended to suggest masturbation. 50 F.3d 428, 430 (7th Cir. 1995). In Saxton v. American Tel. & Tel. Co., the supervisor, while at a jazz club, placed his hand on the plaintiff's knee several times and once rubbed his hand along her upper thigh; and at another time, while at lunch, lurched at her as if to grab her. 10 F.3d 526, 528 (7th Cir. 1993). In Weiss v. Coca-Cola Bottling Company of Chicago, the supervisor placed an "I love you" sign in the plaintiff's work

10

area, tried to kiss her and put his hand on her shoulder at least six times during employment. 990 F.2d 333, 334-35 (7th Cir. 1993).

On the other hand, examples of conduct sufficient to constitute actionable hostile environment sexual harassment for purposes of defeating a motion for summary judgment can also be found. In Hostetler v. Quality Dining Inc, the supervisor grabbed the plaintiff's face and stuck his tongue down her throat; on the following day, he tried to kiss her and began to unfasten her brassiere. 218 F.3d 798, 798 (7th Cir. 2000). At another time, he told the plaintiff, in crude terms, that if he could perform oral sex on her, she would do cartwheels. Id. In that case, the district court granted the employer's motion for summary judgment finding that the harassment was not severe, but the Seventh Circuit reversed, concluding that this was a matter for the trier of fact at trial.

The point is that each case must be analyzed on its own facts in order to determine whether the alleged sexual harassment is actionable under Title VII. Factors to consider include: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening or humiliating or was it merely an offensive utterance; and (4) whether the harassment interferes with the employees work performance. Hostetler, 218 F.3d at 806-07 (internal citations omitted); Adusumilli v. City of Chicago, 164 F.3d 353, 361 (7th Cir. 1998).

Based on the totality of the circumstances, and for purposes of summary judgment, this court concludes that the conduct alleged by the plaintiff Linda Gray is actionable under Title VII. Having so concluded, this court observes that the alleged offending conduct is on a tightrope between actionable and non-actionable. While the individual incidents do not seem as either physically or verbally abusive, as can be found in other cases such as Hostetler, what distinguishes this from the cases cited by the defendants is the length of time during which this conduct continued. In those

cases, the court viewed the offending conduct as "isolated," in that it occurred sporadically over a limited period of time. In Baskerville, the several incidents, however boorish, were spread over a seven month period. Here, Gray worked in the Bookstore for five years, and the allegedly abusive conduct started in her second year. It continued throughout her tenure of employment, even though Gray told Sorelle to stop. Also, the work environment involved in this case is not a large Coca-Cola Bottling plant, as in Weiss, but a small bookstore with few employees. There was no place where the plaintiff could find refuge. Another factor is that the plaintiff was a very susceptible student-employee and the alleged perpetrator held an academic staff position.

The plaintiff has presented enough to survive summary judgment on the merits of Sorelle's alleged conduct. This is a matter for the jury to decide. Needless to say, this also means that plaintiff's §1983 claim for discrimination also survives summary judgment. Since the defendants have not challenged plaintiff's claim based on Title IX, that is also a claim reserved for trial.

**2. Sexual Harassment Claim - Timeliness Defense**

Title VII requires that, as a prerequisite to a federal law suit, the claimant must file an administrative complaint within 300 days of a discriminatory event. 42 U.S.C. § 2000e-5(e). The plaintiff is required to file a timely charge with either the federal Equal Employment Opportunity Commission or the appropriate state agency in order to pursue a claim in federal court. Hardin v. S.C. Johnson & Sons, Inc., 167 F.3d 340, 345 (7th Cir. 1999). In this case, it is undisputed that the plaintiff filed her complaint with the Wisconsin Personnel Commission on May 11, 2000. Calculating 300 days prior to the filing is July 16, 1999. Therefore, the actionable period is July 16, 1999 to May 11, 2000.

A review of the proposed findings of fact, submitted by both parties, establishes that none of the alleged conduct in support of the plaintiff's claim for sexual harassment occurred within this period. According to the defendants, the Wisconsin Personnel Commission concluded that none of the incidents complained of by Gray occurred during this period and it dismissed her charge as being untimely under the Wisconsin Fair Employment Act.

The plaintiff's response is that the defendants waived any challenge to the Title VII claim based on timeliness. The issue of waiver was discussed earlier in regard to the defendants' motion for leave to file an amended answer. As the court indicated previously, the defendants have not waived the issue of timeliness.

An exception to the requirement to timely file an administrative complaint is the "continuing violation doctrine." The defendants, in their supporting brief, raise this issue and argue why the doctrine is not applicable in this case. The plaintiff, in her brief in opposition, does not ask the court to invoke this doctrine. The plaintiff's silence on this issue is for good cause, since the court does not believe that the doctrine applies to the facts of this case. Just as was found in the Hardin case, Gray obviously believed that she was a victim of harassment for years before she filed her complaint with the Wisconsin Personnel Commission. She complained to Sorelle and she complained to the coordinator of student employees at UW-Green Bay, Mary Baranek.

Thus, the court concludes that plaintiff is unable to proceed on her Title VII claim of sexual harassment, and the defendants' motion for summary judgment will be granted on that claim. In so ruling, the court notes that this does not affect the plaintiff's ability to pursue similar conduct pursuant to § 1983. There is no similar exhaustion requirement for actions brought under § 1983. Behavioral Inst. of Indiana, LLC vs. Hobart City of Common Council, 406 F.3d 926, 930 n.2 (7th

Cir. 2005)(internal citations omitted). Parenthetically, there is no similar exhaustion requirement for actions brought pursuant to Title IX. Adusumilli v. Illinois Inst. of Tech., No. 97-C-8507, 1998 WL 601822, *4 n.2 (N.D. Ill. 1998).

### 3. Sexual Harassment Claim - Ellerth/Faragher Defense

The defendants have raised an affirmative defense to the Title VII sexual harassment claim based on the cases of Burlington Indus, Inc. v. Ellerth, 524 U.S. 742 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775 (1998). Under Ellerth and Faragher, an employer's liability depends on whether the harasser is the plaintiff's supervisor or merely a co-employee. For purposes of the defendant's motion, the alleged harasser Patrick Sorelle was the plaintiff's supervisor. When the harasser is a supervisor, and the victim suffers a tangible employment action, the employer is strictly liable, and is not entitled to an affirmative defense. If the harasser is a supervisor, and the plaintiff did not suffer a tangible employment action, the employer is still subject to vicarious liability, but is able to raise an affirmative defense. Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1032 (7th Cir. 1998)(citing Faragher, 524 U.S. at 807).

Since the court has granted the defendants' summary judgment motion regarding the plaintiff's Title VII sexual harassment claim, the invocation of this affirmative defense by the defendants is now moot.

### 4. Retaliation Claim - Timeliness Defense

The defendants seek to have the plaintiff's Title VII retaliation claim dismissed on the ground that she failed to file her complaint with the EEOC or appropriate state agency within 180 days of when the claim arose. One hundred and eighty days prior to the May 11, 2000 filing with the

14

Wisconsin Personnel Commission is November 13, 1999. The retaliatory act of which plaintiff complains, her alleged termination from the Phoenix Bookstore occurred in August, 1999.

Again, the plaintiff responds by contending that the defendants have waived the defense of timeliness. As stated earlier, in regard to the 180-day requirement for the retaliation claim, the court concurs with the plaintiff. The defendants have waived their right to raise a timeliness defense on this claim. Without reiterating the court's prior reasoning, the record fails to disclose that the defendants placed the plaintiff on notice that they were asserting a timeliness defense with regard to the retaliation claim. The defendants' answer only specifically references the 300-day filing limit, and that only applies to the Title VII sexual harassment claim. So, even if the defendants raised the timeliness issue with regard to retaliation before the Wisconsin Personnel Commission, (the plaintiff says they did not), it was incumbent upon them to set that affirmative defense forth with particularity in their answer, lest the plaintiff would believe that it was not being pursued.

**5. Retaliation Claim - Prima Facie Case**

Title VII prohibits retaliation against an employee who has engaged in activity protected by Title VII. To establish a prima facie case of retaliation, the plaintiff may proceed under the direct or the indirect method of proof. Haywood v. Lucent Techs., Inc., 323 F.3d 524, 531 (7th Cir.2003); Rogers v. City of Chicago, 320 F.3d 748, 753 (7th Cir. 2003). Under the direct method of proof, the plaintiff must establish (1) a statutorily protected activity; (2) an adverse employment action taken by the employer; and (3) a causal connection between the two. Davis v. Con-Way Transp. Central Express, Inc., 368 F.3d 776, 786 (7th Cir.2004). To satisfy the third element of the direct method, a plaintiff must point to an outright admission by the decision maker that the challenged action was undertaken because of the plaintiff's protected activity, or circumstantial evidence that forms a

15

"convincing mosaic" that shows the discriminatory intent by the decision maker. Rhodes v. Illinois Dept. of Transp., 359 F.3d 498, 504 (7th Cir.2004).

Alternatively, the plaintiff my proceed under the indirect method. In Stone v. City of Indianapolis, 281 F.3d 640 (7th Cir.2002), the Seventh Circuit enunciated the new rule for proving retaliation under the indirect method. Rogers, 320 F.3d at 755. Under Stone, a plaintiff must show that after filing the [complaint of discrimination] only she, and not any similarly situated employee who did not file a complaint, was subjected to an adverse employment action even though she was performing her job in a satisfactory manner. Id. Breaking this test into its elements, Gray must show the following: (1) that she engaged in a statutorily protected activity; (2) that she met the employer's legitimate expectations; (3) that she suffered an adverse employment action; and (4) that she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. Moser v. Indiana Dept. of Corrections, 406 F.3d 895, 903-04 (7th Cir. 2005).

If the defendant presents no evidence in response, the plaintiff is entitled to summary judgment. Rogers, 320 F.3d at 755. If the defendants present unrebutted evidence of a noninvidious reason for the adverse action, they are entitled to summary judgment. Otherwise there must be a trial. Id. This clarified rule is a variation of the familiar burden-shifting method found in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and eliminates the requirement, noted in some of this circuit's earlier decisions, that the plaintiff prove a "causal link" between the protected action and an adverse employment action. Id. (citing Stone, 281 F.3d at 642-44).

Plaintiff alleges that at the end of August, 1999, she was called into Sorelle's office and told she was terminated and had two weeks to find another job. According to the defendants, Gray was called into Sorelle's office for a meeting with Lacenski and Sorelle. She was informed that she

16

would be terminated in two weeks, and then Gray quit. The defendants contend that the employer's decision was not made by Sorelle, but by her immediate supervisor, Lacenski. The defendants further submit that Lacenski had legitimate non-retaliatory reasons for making her decision, which were based on Gray's extended absences from work, allegedly creating a moral problem with co-workers. However, Gray's employment with the University was never interrupted, and upon leaving the Bookstore, she was reassigned to other departments within the University. As such, the defendants argue that plaintiff never suffered an adverse employment action.

On the latter point, the plaintiff claims that she suffered not one, but two tangible employment actions at the hands of Sorelle. In addition to her alleged termination from employment, she says that the first incident occurred in 1999 when she was suspended for one week. According to Gray, she inadvertently worked overtime, but Sorelle became upset that she had put in overtime. Gray says she subsequently sent Sorelle an email inquiring why a male employee was permitted to work overtime. Gray says that her suspension was Sorelle's response for her inquiry regarding his policies in regard to overtime. She also submits that it was a culmination of his harassing conduct during that year and followed her admonitions not to touch her, and the incident in which Sorelle grabbed her by the shoulders and shook her.

In response to the suspension, the defendants first point out that the University had an overtime policy in June, 1999 that Gray violated. Gray admits that she worked twenty-eight minutes in excess of the permissible twenty hours per week. The defendants state that, after Sorelle discussed this with her, she sent him an "angry" email and he suspended her based on her inappropriate conduct. Plaintiff disputes the characterization the defendants place on her email. In any event, the

17

defendants contend that the suspension was justified and is totally unrelated to any charge of retaliation or harassment.

Analyzing the elements for a claim of retaliation in light of the facts of this case, the court concludes that, at this summary judgment stage of the proceedings, the plaintiff has established a prima facie case. First of all, the court believes that the plaintiff engaged in a statutorily protected activity. The plaintiff alleges that she was complaining about a hostile environment as a result of sexual harassment in relation to both events. Second, the court believes that the plaintiff has established that she suffered an adverse employment action. A one week suspension certainly qualifies, as does her termination from employment at the Bookstore. The defendants argue that the plaintiff was not terminated, but resigned. They further argue that she maintained employment at the University in a different department. For the purpose of summary judgment, there are obviously disputed material facts regarding the circumstances of her leaving employment at the Bookstore. They are for the jury. Further, even though she maintained employment within the University, based upon the limited facts submitted by the parties, the court believes it is appropriate to view the various jobs as distinct, so termination of one is an adverse employment action. Maybe the jury will see it differently after they have had an opportunity to compare job duties, salary and overall working conditions. Finally, the plaintiff has established a nexus or causal connection between the protected activity and the adverse action, even though the court is less sanguine in reaching this conclusion in regard to the one week suspension. However, the plaintiff alleges that Sorelle's disciplinary action was motivated, at least in part, by her complaints of his conduct, so that becomes a question of disputed fact.

Having established her prima facie, under the indirect method of proof, the burden shifts to the defendants to produce a legitimate, nondiscriminatory reason for the actions. The court has previously mentioned the allegedly legitimate reasons the defendants have proffered for the action taken in regard to Gray. She submits these reasons are pretextual. Without engaging in an extensive discussion, the court is of the opinion that issues of credibility must be resolved before this issue can be determined. That is a matter for the jury.

Accordingly, the court will deny the defendants' motion for summary judgment on the plaintiff's Title VII claim of retaliation, as well as plaintiff's similar claim under §1983.

**Conclusion**

The defendants' motion for leave to amend their answer will be denied. As to the motion for summary judgment, the court will deny the defendants' motion on the plaintiff's Title VII retaliation claims, and will grant the defendants' motion on the plaintiff's Title VII claim for sexual harassment. Since the defendants request that their motion apply equally to the plaintiff's §1983 claims, it will be denied as to those claims. Finally, since neither the motion nor the subsequent letter from the defendants' counsel dealt with the Title IX claims contained in the complaint, they remain for trial.

**IT IS THEREFORE ORDERED** that the defendants' motion for leave to amend their answer is **denied.**

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment as to the plaintiff's Title VII retaliation claim and plaintiff's §1983 claims are **denied.**

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment as to the plaintiff's Title VII claim for sexual harassment is **granted.**

Dated at Milwaukee, Wisconsin this 9th day of February, 2006.

s/AARON E. GOODSTEIN<br>United States Magistrate Judge